No. 58,995

In the Matter of DANIEL D. DWYER, *Respondent.*

(716 P.2d 197)

Opinion filed March 28, 1986.

*Daniel D. Dwyer* appeared and argued pro se.

*Roger N. Walter,* disciplinary counsel, appeared and argued for the disciplinary administrator.

This original action in discipline was filed by Arno Windscheffel, disciplinary administrator, against Daniel D. Dwyer, of Wichita, an attorney admitted to the practice of law in Kansas. No exceptions were filed to the report of the hearing panel of the Board for Discipline of Attorneys and therefore the facts as found by the panel are not in dispute and will be greatly summarized herein.

Robert, Rod and Carl Vickers (Vickers) operated the Lincoln Street Apco service station in Wichita. Air Capitol Contractors, Inc., (Air Capitol) kept a credit card at the service station for use by some of its employees. Gerald Rice became aware of the arrangement and began obtaining gasoline and other products from Vickers and gave the name of an Air Capitol foreman in doing so. Eventually officials of Air Capitol discovered that unauthorized charges were being made to its account by Rice. Air Capitol, through its attorney, made a demand upon Vickers and when it was ignored filed suit on April 19, 1982, against the three Vickers, Total Petroleum, Inc., Gerald Rice and others. Vickers retained respondent to represent them in the action. Respondent failed to file any pleadings on behalf of Vickers and failed to enter his appearance in the lawsuit. On July 2, 1982, Air Capitol obtained a default judgment against Robert and Rod Vickers for both actual and punitive damages. Vickers became aware of the existence of the judgment when notified by one of the other defendants. Upon calling respondent Vickers was assured everything would be taken care of and that he would have the judgment set aside. Nearly a year later respondent filed a motion to set aside the default judgment which was overruled on July 8, 1983. On July 18, 1984, respondent filed a notice of appeal from the order overruling the motion to set aside the judgment which had been rendered over a year earlier.

The panel found that there was clear and convincing evidence that respondent had neglected a legal matter entrusted to him in violation of DR 6-101(A)(3) (235 Kan. cxlvii) and recommended discipline by public censure. Having carefully reviewed the record, a majority of the members of this court concur with the recommendations of the panel. A minority of this court would indefinitely suspend the respondent from the practice of law in Kansas.

IT IS THEREFORE ORDERED that Daniel D. Dwyer be and he is hereby disciplined for violation of DR 6-101(A)(3) by public censure.

IT IS FURTHER ORDERED that a copy of this order be published in the official Kansas Reports and that the respondent pay the costs of this proceeding.

BY ORDER OF THE COURT this 28th day of March, 1986.